UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALZHEIMER'S INSTITUTE OF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. _____ |
| ) | |
| PFIZER INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff Alzheimer's Institute of America ("AIA"), by and through its attorneys, and for its Complaint against Pfizer Inc. ("Pfizer"), states as follows:

### Nature of the Action

1. This Complaint seeks a judgment finding that Pfizer has infringed and continues to infringe upon AIA's U.S. Patent Nos. 5,455,169 (the "'169 Patent"), 5,795,963 (the "'963 Patent"), and 6,818,448 (the "'448 Patent") (collectively, the "Patents-in-Suit"). The Patents-in-Suit cover a wide range of Alzheimer's Disease-related technology, including, but not limited to: nucleic acids coding for the Swedish mutation; vectors, cell lines, and transgenic mice expressing the Swedish mutation containing nucleic acids; and polypeptides encoded by the Swedish mutation containing nucleic acids. The claimed technology provides important tools for Alzheimer's Disease research, including the ability to screen for potential Alzheimer's Disease drug candidates, such as, for example, certain potential Alzheimer's Disease drugs known as beta-secretase inhibitors. True and accurate copies of the Patents-in-Suit are attached hereto, respectively, as **Exhibits A, B,** and **C.**

3140742.1

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

3.  Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and 1400(b).

### The Parties

4.  AIA is a corporation organized and existing under the laws of Florida and having its principal place of business at 7837 Parallel Parkway, Kansas City, KS, 66112. AIA is the owner of the Patents-in-Suit.

5.  Pfizer is a corporation organized and existing under the laws of Delaware and having its corporate headquarters at 235 East 42nd Street, New York, NY, 10017. Upon information and belief, Pfizer has committed acts of infringement within this district.

### Facts

6.  At least as early as November 2001, Pfizer contacted AIA concerning the '169 Patent. In the course of communications, Pfizer was also informed of the existence of the '963 Patent. Pfizer initially expressed an interest in these patents, however, on August 21, 2003, Pfizer informed that it did not want a license to the '169 and '963 Patents. Specifically, Pfizer stated, "After careful review against Pfizer's current priorities, we have determined that your proposals do not fit within the scope of our alliance search at this time. However, should our needs change in the future, we will certainly contact you." AIA understood at that time that Pfizer had determined that it was not interested in using the technology of the '169 and '963 Patents.

7. AIA recently learned, however, that Pfizer has used, and continues to use, the technology of the Patents-in-Suit. In April 2006, Pfizer acquired Rinat Neuroscience Corp. On information and belief, Rinat was active in the area of Alzheimer's Disease research. Both prior to and since that time, Pfizer has pursued aggressively Alzheimer's Disease research focused on the so-called Amyloid Hypothesis, including extensive research using the technology of the Patents-in-Suit.

8. On information and belief, Pfizer has an active Alzheimer's Disease research program and drug development pipeline. In the course of identifying and developing these drug candidates, Pfizer has, upon information and belief, made extensive use of the technology claimed in the Patents-in-Suit.

9. For example, Pfizer use of the technology claimed in the Patents-in-Suit includes the following:

- Use of "Human APP695 (A33292) cDNA from the initiation methionine to the stop codon with the Swedish mutation (Lys at position 595 to Asn and Met-596 to Leu) . . . cloned into pIPspAdapt10DestB, a Gateway vector with an optimized CMV promoter and Ad5 adenovirus backbone." *The Journal of Biological Chemistry*, Vo. 278, No. 35, pp. 33445-33449 (2003).
- Use of "H4 cells overexpressing the Swedish mutation of human APP" for "whole-cell assays" of potential Alzheimer's Disease drug candidates. *The Journal of Pharmacology and Experimental Therapeutics*, Vol. 319, No. 2, pp. 924-933 (2006).
- Use of an "HEK-293 Swe amyloid inhibition cell assay." *Bioorganic & Medicinal Chemistry Letters*, Vol. 17, pp. 73-77 (2007).
- Use of "H4 human neuroglioma cells (ATTC HTB-148) stably transfected with human Swedish APP." *The Journal of Pharmacology and Experimental Therapeutics*, Vol. 320, No. 3, pp. 1144-1152 (2007).
- Use of "H125.3-16 cells lines" that express human APP carrying Swedish mutation. *Molecular Neurodegeneration*, Vol. 3, No. 6 (2008).

On information and belief, Pfizer's use of the technology claimed in the Patents-in-Suit is extensive and includes substantial uses far beyond the limited examples described above.

## COUNT I

### Patent Infringement of U.S. Patent No. 5,455,169

10.   AIA incorporates by reference each and every allegation set forth in paragraph 1 through 9 of its Complaint as if fully set forth and restated herein.

11.   The '169 Patent entitled "Nucleic acids for diagnosing and modeling Alzheimer's disease" was duly and regularly issued on October 3, 1995. AIA is the sole and exclusive owner of the '169 Patent. At all relevant times, the owner of the '169 Patent has complied with 35 U.S.C. § 287(a).

12.   Pfizer, without the authority or consent of AIA, has been using and continues to use, upon information and belief, in the United States, including, but not limited to, in this judicial district, technologies which infringe upon the '169 Patent. Upon information and belief, Pfizer's infringement of the '169 Patent is knowing and willful.

13.   Pfizer's infringement of the '169 Patent has caused and continues to cause irreparable harm and other harm to AIA.

## COUNT II

### Patent Infringement of U.S. Patent No. 5,795,963

14.   AIA incorporates by reference each and every allegation set forth in paragraph 1 through 13 of its Complaint as if fully set forth and restated herein.

15.   The '963 Patent entitled "Amyloid precursor protein in alzheimer's disease" was duly and regularly issued on August 18, 1998. The inventor of the '963 Patent assigned all right, title and interest in, to and under the '963 Patent to AIA. AIA is the sole and exclusive owner of the '963 Patent. At all relevant times, the owner of the '963 Patent has complied with 35 U.S.C. § 287(a).

16. Pfizer, without the authority or consent of AIA, has been using and continues to use, upon information and belief, in the United States, including, but not limited to, in this judicial district, technologies which infringe upon the '963 Patent. Upon information and belief, Pfizer's infringement of the '963 Patent is knowing and willful.

17. Pfizer's infringement of the '963 Patent has caused and continues to cause irreparable harm and other harm to AIA.

## COUNT III

### Patent Infringement of U.S. Patent No. 6,818,448

18. AIA incorporates by reference each and every allegation set forth in paragraph 1 through 17 of its Complaint as if fully set forth and restated herein.

19. The '448 Patent entitled "Isolated cell comprising HAPP 670/671 DNAS sequences" was duly and regularly issued on November 16, 2004. The inventor of the '448 Patent assigned all right, title and interest in, to and under the '448 Patent to AIA. AIA is the sole and exclusive owner of the '448 Patent. At all relevant times, the owner of the '448 Patent has complied with 35 U.S.C. § 287(a).

20. Pfizer, without the authority or consent of AIA, has been using and continues to use, upon information and belief, in the United States, including, but not limited to, in this judicial district, technologies which infringe upon the '448 Patent. Upon information and belief, Pfizer's infringement of the '448 Patent is knowing and willful.

21. Pfizer's infringement of the '448 Patent has caused and continues to cause irreparable harm and other harm to AIA.

WHEREFORE, Plaintiff Alzheimer's Institute of America respectfully prays that the Court enter judgment in its favor and award the following relief against Pfizer:

      A.      Find that Pfizer infringed upon the Patents-in-Suit and will continue to infringe said patents unless enjoined therefrom;

      B.      Find that the infringement of Pfizer upon the Patents-in-Suit was knowing and willful;

      C.      Enjoin Pfizer and its officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, preliminarily and permanently, from further infringing upon the Patents-in-Suit;

      D.      Order that an accounting be made to establish damages arising out of Pfizer's infringement of the Patents-in-Suit;

      E.      Award AIA actual damages pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of Pfizer's infringement upon the Patents-in-Suit;

      F.      Award AIA treble damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, as a result of Pfizer's knowing and willful infringement upon the Patents-in-Suit;

      G.      Award AIA its costs and reasonable attorneys' fees incurred in connection with this action; and

      H.      Award and grant AIA such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 30, 2009

Respectfully submitted,

BRYAN CAVE LLP

By: _____
K. Lee Marshall, #102275
Ameer Gado, #109918
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tel. (314) 259-2000
Fax (314) 259-2020
klmarshall@bryancave.com
aagado@bryancave.com

**ATTORNEYS FOR ALZHEIMER'S INSTITUTE OF AMERICA**