**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALZHEIMER'S INSTITUTE OF AMERICA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:09-cv-01026 (CAS) |
| PFIZER INC., | ) | |
| Defendant. | ) | |

**MOTION AND MEMORANDUM**
**TO COMPEL PATENT RULE 3-4(a) DISCLOSURE**

Plaintiff Alzheimer's Institute of America, Inc. ("AIA"), respectfully moves the Court for an order directing defendant Pfizer Inc. to provide the disclosure required under the Court's Patent Rule 3-4(a). In support of its Motion, AIA states as follows:

1. The Court's October 22, 2009, Case Management Order provides in pertinent part that "Defendant shall serve its Preliminary Invalidity Contentions and Document Production no later than **December 14, 2009** (Patent R. 3-3, 3-4)." Doc. 32.

2. Patent Rule 3-4(a) requires that a party opposing a claim of patent infringement must produce documentation sufficient to show the operation of each accused instrumentality set forth in the patentee's infringement contentions. Pat. R. 3-4(a).

3. Pfizer produced its Preliminary Invalidity Contentions and Document Production on or about December 14, 2009. However, Pfizer's production failed to include documentation relating to numerous of the accused infringing nucleic acids, polypeptides, vectors, cell lines, and methods identified in AIA's infringement contentions. Of the 43 accused instrumentalities identified in AIA's infringement contentions, Pfizer produced documents relating to only 9 of them. In addition, for the fraction of accused

instrumentalities for which Pfizer chose to produce documents, its production fails to disclose key components of accused instrumentalities, including, for example, information as basic as the particular polypeptides utilized. AIA informed Pfizer of these deficiencies by letter dated December 28, 2009. *See* Letter from L. Marshall to T. Beck dated Dec. 28, 2009, attached as *Exh. A*.

4. Pfizer subsequently purported to supplement its Rule 3-4(a) document production. However, the supplemental production was limited to a single one of the accused polypeptides, and continued to omit any documentation reflecting the vast majority of the accused instrumentalities. AIA informed Pfizer of its ongoing noncompliance with Patent Rule 3-4(a) in letters dated in January and March 2010. *See* Letter from L. Marshall to T. Beck dated Jan. 25, 2010, attached as *Exh. B*; *see* Letter from A. Gado to T. Beck dated Mar. 4, 2010, attached as *Exh. C*.

5. In an effort to resolve their dispute without Court intervention, the parties' counsel, comprising Lee Marshall on behalf of AIA and Thomas Beck on behalf of Pfizer, conferred via telephone on March 5, 2010. However, the parties were unable to reach a mutually-agreeable resolution.[1/] To date, Pfizer has failed to remedy the numerous deficiencies in its Rule 3-4(a) document production.

WHEREFORE, AIA respectfully requests that the Court enter an order granting this Motion, ordering Pfizer to produce documentation sufficient to disclose the operation of all accused infringing nucleic acids, polypeptides, vectors, cell lines, and methods

---

1/ During the meet and confer, Pfizer's counsel represented that they were searching for additional information regarding certain cell line protocols that they intend to produce. However, Pfizer's noncompliance goes far beyond a failure to produce complete information on certain cell lines. Furthermore, Pfizer has been out of compliance with Patent Rule 3-4(a) for almost three months.

identified in AIA's preliminary infringement contentions, and granting such other relief as the Court may deem appropriate.

Respectfully submitted,

**BRYAN CAVE LLP**

By: ________________________

K. Lee Marshall, #102275
Ameer Gado, #109918
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tel. (314) 259-2000
Fax (314) 259-2020
klmarshall@bryancave.com
aagado@bryancave.com

**ATTORNEYS FOR ALZHEIMER'S INSTITUTE OF AMERICA**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record on this 5th day of March, 2010.